The High Court of the Independent Order of
Foresters

v.

Anna Zak.

*Life Insurance—Mutual Benefit Association—Good Standing of Member—Evidence.*

1. The good standing of members of orders and societies must be left to the determination of the organizations themselves. Where such organization proceeds to determine the question in accordance with the rules and regulations thereof it will bind the member, and in the absence of fraud, or such irregularity as goes to the jurisdiction of the society in the particular case, the determination will be treated as final and conclusive in courts of justice, and in the absence of peculiar and exceptional provisions in an endowment certificate, issued by such organization, or its by-laws. a court will not look into the moral conduct of one who was in membership at the time of his death, for the purpose of determining whether he was in good standing.

2. The issue of such certificate to the beneficiary is a contract, and creates property rights which are not to be divested save in accordance with the terms of the contract, and the rules of the society, which form a part thereof, and except in cases where the contract provides for a forfeiture of all rights under it, *ipso facto*, on the happening of some event, the good standing of the member in the society will continue, until his *status* therein has been shown to be changed by some proceeding of the society taken in pursuance of its rules and by-laws.

3. The good standing of a member can not be affected by showing his general bad reputation, nor by proving specific lapses from virtue or honesty.

[Opinion filed May 28, 1890.]

Appeal from the Superior Court of Cook County; the Hon. Kirk Hawes, Judge, presiding.

Mr. C. Stuart Beattie, for appellant.

" Good standing in a society not only implies that the party is a member of the society, but that he has a good reputation therein. In the present instance, the words are to be con-

strued with reference to the language of the application and the preceding language of the certificate, and when this is done they manifestly mean not only good reputation, but good conduct—*i. e.*, freedom from a violation of the pledge of total abstinence, etc. Had it been designed to make trial and conviction a condition precedent to forfeiture, we must presume that it would have been so said; but nowhere is language used that can fairly be construed to mean this." Royal T. of T. v. Curd, 111 Ill. 284.

While it is true that the members can not be made to suffer the specific penalty until tried according to the code of procedure, still it is not the trial or judgment, but the act, that makes him guilty of "conduct unbecoming a Forester," and destroys his "good standing;" such is the view taken by Judge Baxter (U. S. C. C.) in McMurry v. Supreme Lodge, 18 Cent. L. J. 372, where the certificate contained this "good standing" provision. The by-laws concerning the payment of dues was about the same as here. No notice was required, but it was provided that the delinquent "should be suspended from the Order." There had been no act of the lodge declaring suspension, but the circuit judge held that "the laws and rules in force did not declare that a member was always in good standing until he had been legally suspended by a valid act of his lodge," and judgment went for the society, although nothing in the by-laws or application referred to good standing.

Messrs. JONES & LUSK, for appellee.

MORAN, J. This appeal is brought to review the record of the trial court in an action in which appellee recovered a judgment against appellant for $1,000 on an endowment certificate issued to one Jan Zak, a member of said Order of Foresters, in and by which certificate the said High Court promised to pay to appellee, wife of said Jan Zak, said sum, upon satisfactory evidence of the death of said member, and upon a surrender of the certificate, "provided that said member is in good standing in this order at the time of his death, and provided also that this certificate shall not have been sur-

rendered by said member, and another certificate issued at his request in accordance with the laws of this order."

Appellant introduced on the trial by way of defense to the claim on his certificate the record of a proceeding in the court of which the said Zak was a member, by which it was attempted to expel him from the order on certain charges which were preferred against him, but as counsel for appellant admits in his brief that the proceeding was irregular, the order without jurisdiction, and the resolution or judgment of expulsion without effect, it is unnecessary to give consideration to that defense.

Appellant offered to prove by one Joseph Benick, a member of the same court of the order to which Zak belonged, that Zak left the city with the wife of the witness and remained away, living in adultery with her for some two weeks, thus breaking up the home and the family of the witness.

This testimony the court ruled to be incompetent, and said ruling is assigned for error, and it is contended that such evidence was admissible to show that Zak was not in good standing in the order at the time of his death.  It is said that he was charged before the lodge with having run away with the witness' wife, and having left his own wife in destitution, and with being therefore unworthy of recognition as a brother member of the order, and that a committee had voted to expel him, and that the record of the court or lodge failing to show jurisdiction obtained in accordance with the rules that govern trials in the order, it was proper to prove on the trial of this case this immoral act against him, as showing that he was in bad reputation and not in good standing in his court.  The good standing of members in orders of this kind must, in the nature of things, be left to the determination of the societies themselves.  When the society proceeds to determine that question in accordance with the rules and regulations of the order, it will bind the members, and in the absence of fraud, or such irregularity as goes to the jurisdiction of the society in the particular case, the determination will be treated as final and conclusive in courts of justice. Hence, in the absence of peculiar and exceptional provisions

in the certificate or the by-laws, the court will not look into the moral conduct of one who was in membership at the time of his death, for the purpose of determining whether he was in good standing.

"The certificate issued to the member is evidence of his good standing, and in the absence of proof to the contrary this condition will be presumed to continue. If, by reason of his conduct or failure to comply with the regulations or requirements of the society, the member has lost his good standing, the society must show the fact, for *status* once fixed is supposed to continue until the contrary is shown." Bacon, Benefit Societies, Sec. 414.

The certificate issued to the beneficiary designated by the member is a contract, and creates property rights which are not to be divested save in accordance with the terms of the contract and the rules of the society which form a part thereof; and it must follow that, except in cases where the contract provides for a forfeiture of all rights under it, *ipso facto,* on the happening of some event, the good standing of the member in the society will continue until his *status* in the society has been shown to be changed, by some proceeding of the society taken in pursuance of its rules and by-laws. His good standing can not be affected by showing his general bad reputation, and certainly not by proving specific lapses from virtue or honesty.

If the records of the society contain evidence of a judgment affecting his *status* as a member, that itself will show him not in good standing when the question arises in a court of justice, and not general or specific charges of immoral conduct on his part which have not been passed upon by the order.

This must be the rule in actions upon this and all like certificates. This in no manner conflicts with the decision in Royal Templars of Temperance v. Curd, 111 Ill. 284, cited and relied on by appellant. There the application for membership contained this: "I further agree that should I at any time violate my pledge of total abstinence, or be suspended or expelled,  *  *  *  then all rights which either myself, the person or persons named in certificate, my heirs or

legal representatives may have upon the beneficiaries' fund of the order shall be forfeited;" and the certificate made the fund payable on the express condition that the member should, while a member of the order, faithfully maintain his pledge of total abstinence, and comply with all laws, rules, regulations and requirements of our order, and provide that otherwise it should be of no effect. With such terms in the contract it is very manifest, as the court said, that " there can not be the slightest ground for pretending that a violation of the pledge of total abstinence does not, of itself, forfeit all right of recovery upon the certificate." It needs no conviction or expulsion by the lodge in such case to bar the claim on the certificate, because, by its terms, proof of breach of a specific condition on which it was issued, *ipso facto*, forfeited all claim under it.

The Superior Court committed no error in excluding the evidence offered, and the judgment must therefore be affirmed.

*Judgment affirmed.*