EMELIA ZEPP, Respondent, v. THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN of Missouri, Appellant.

St. Louis Court of Appeals, March 9, 1897.

Benefit Societies: INSURANCE: APPLICATION: STATEMENTS: PLEADING: ONUS. The statements, in an application for insurance in a mutual benefit society which is not made part of the policy, are not promissory warranties, but promissory representations only, and as such it was incumbent upon defendant to plead and prove that their breach was material.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN M. WOOD, Judge.

AFFIRMED.

*F. H. Bacon* for appellant.

A fraternal beneficial order is not a life insurance company, the insurance feature being only incidental to the fraternal and protective work. *Theobald v. Knights of Pythias,* 59 Mo. App. 87; *Whitmore v. Supreme Lodge,* 100 Mo. 46; *Keener v. Grand Lodge,* 38 Mo. App. 547; *Commonwealth v. Benefit Ass'n,* 137 Pa. St. 412.

During his lifetime Zepp was the only party to the contract, the beneficiary having only a mere expectancy and consequently her rights were subject to be divested by his acts. The office of the certificate is simply to designate a beneficiary to receive under the laws of the order, and such designation is testamentary in its character. *Order R'y Conductors v. Koster*, 55 Mo. App. 186–193; *National Am. Ass'n v. Kirgin*, 28 Id. 80; *Masonic Ben. Ass'n v. Bunch*, 109 Mo. 560–580; *Aid Ass'n v. Lewis*, 90 Mo. App. 412.

The certificate shows on its face that it is an incomplete contract, referring to the laws of the order for the whole of such contract. *Borgraefe v. Knights of Honor*, 22 Mo. App. 142. See, also, *Grand Lodge v. Child*, 70 Mich. 163; *Isgrigg v. Schooley*, 125 Ind. 94; *Brown v. Grand Lodge*, 80 Iowa, 287; *Splawn v. Chew*, 60 Tex. 532; *Nat. Am. Ass'n v. Kirgin, supra; Supreme Conclave v. Cappella*, 41 Fed. Rep. 5; *Lurhs v. Lurhs*, 123 N. Y. 367; *Bishop v. Grand Lodge*, 112 N. Y. 627; *Lorscher v. Knights of Honor*, 72 Mich. 316; *Keener v. Grand Lodge*, 38 Mo. App. 543; *Haskins v. Kendall*, 158 Mass. 224; *Britton v. Supreme Council*, 46 N. J. Eq. 102; *Walsh v. Walsh*, 20 N. Y. Supp. 933; *Riley v. Riley*, 75 Wis. 464.

It is not necessary that the application be a part of the certificate, or even part of the contract, in order to make it admissible in evidence to determine the rights of the parties. 2 Par. Con. 664; *Chapin v. Dodson*, 78 N. Y. 74; *Bouney v. Merrill*, 57 Me. 368; *Colbourn v. Dawson*, 10 C. B. 765; *Liebke v. Methudy*, 18 Mo. App. 143, 148; *Life Ass'n of Am. v. Cravens*, 60 Mo. 390; *State v. Hoshaw*, 98 Mo. 358–360.

The undertaking of Zepp in his application was a promissory representation, and it is not necessary for a representation to be a part of the contract. *Weil v. Life Ins. Co.*, 47 La. Ann. —; *Gold Ins. Co. v. John-*

*son*, 80 Ala. 474; *Moulor v. Ins. Co.*, 111 U. S. 335. See, also, *Campbell v. Ins. Co.*, 98 Mass. 381, 390; *Valton v. Ins. Co.*, 20 N. Y. 32; *Mut. Assur. Fund v. Allen*, 106 Ind. 593; *Illinois Masonic, etc., v. Winthrop*, 85 Ill. 537; *Supreme Lodge v. Hutchinson*, 33 N. E. Rep. (Ind.) 816; *Perrine v. Grand Lodge*, 51 Minn. 224; *Price v. Ins. Co.*, 17 *Id.* 497–504; *McVey v. Grand Lodge*, 20 Atl. Rep. (N. J. L.) 873; *Whitmore v. Grand Lodge*, 100 Mo. 47.

The contract of a member is found in the certificate, if one is issued, together with the charter and by-laws of the society and the application of the member for membership. *Smith v. Knights of Father Matthew*, 36 Mo. App. 184–190; *Hogan v. Supreme Council*, 76 Cal. 109; *Royal Templars v. Curd*, 111 Ill. 284; *Britton v. Supreme Lodge*, 46 N. J. Eq. 102; *Huchinson v. Maccabees*, 22 N. Y. Sup. 801; *Lorscher v. Supreme Lodge*, 4 N. W. Rep. (Mich.) 545; *Masonic Soc. v. Bunch*, 110 Ind. 192; *Gray v. Supreme Lodge*, 20 N. E. Rep. (Ind.) 833.

The validity of the certificate, and the liability of the society were, by the terms of the contract, to be on condition that respondent did not become a saloon-keeper. *Smith v. Knights of Father Matthew, supra; Hogan v. Supreme Council*, 18 Pac. Rep. (Cal.) 125; *Royal Templars v. Curd*, 111 Ill. 274; *Rood v. Ass'n*, 31 Fed. Rep. 62; *Ellerbe v. Faust*, 119 Mo. 653.

*B. Schnurmacher* for respondent.

The appellate court will not review the action of the trial court in merely striking out parts of a pleading, unless an opportunity is given the lower court to correct its own error. *Bank v. McMenamy*, 35 Mo. App. 198; *Parker v. Straat*, 36 *Id.* 616; *Waters v. School Dist.*, 59 *Id.* 580; *Collins v. Saunders*, 46 Mo. 389.

The application is no part of the contract. *Grand Lodge v. Sater*, 44 Mo. App. 445; Bac. on Ben. Soc., sec. 183, and citations.

BLAND, P. J.—On April 21, 1896, the following opinion, prepared by Judge ROMBAUER, was filed in this case, and concurred in by Judges BIGGS and BOND, to wit:

"The plaintiff recovered judgment in the trial court for the amount of a death benefit certificate issued by the defendant to her late husband Philip Zepp. The exact point in controversy between the parties is not clearly defined by the record before us, but both parties are anxious to have the appeal decided upon its merits, and have entered into a stipulation in this court to the effect, that the points on which the validity of the judgment depends, are:

1.    Does the application of Philip Zepp constitute part of his contract with the defendant?

2.    Did the fact that said Zepp engaged in the business of dramshop keeper forfeit his membership in the defendant order, in the absence of any express provision to that effect in the laws of the order?

The certificate sued on bears date November 21, 1882, is executed by the officers of the order, and is in words and figures as follows, omitting caption and signatures:

"This certificate, issued by the authority of the Supreme Lodge of the Ancient Order of United Workmen witnesseth:    That brother Philip H. Zepp, a Master Workman degree member of Benton Lodge No. 263 of said order, located at St. Louis in the state of Missouri, is entitled to all the rights and privileges of membership in the Ancient Order of United Workmen and to participate in the Beneficiary Fund of the order to the amount of two thousand dollars; which sum

shall, at his death, be paid to his wife, Emelia Zepp. This certificate is issued upon the express condition that said Philip H. Zepp shall in every particular, while a member of said order, comply with all the laws, rules, and requirements thereof."

The laws of the order under which the certificate in question was issued, and the application mentioned in section 2 as far as the same has any bearing on the present controversy are in words and figures as follows:

"Section 1. Who entitled to the $2,000.—Upon the death of a M. W. member, in good standing, of a subordinate lodge of the order, under the jurisdiction of this Grand Lodge of the Ancient Order of United Workmen, such person or persons as said member may have directed, while living, shall be entitled to receive of the Beneficiary Fund of the order, the sum of two thousand dollars; provided said member shall have complied in all particulars with all the laws, regulations, and requirements of the order and with the following conditions:

"Section 2. Form of Application.—Each member upon receiving the J. W. degree and applying for the M. W. degree, shall make an application for the rights, privileges, and benefits of the order, in substance as follows, which shall be attested by the recorder of the subordinate lodge, with the seal attached."

"FORM OF APPLICATION.

"I, —————————, having made application for the M. W. degree in ———— Lodge No. ————, Ancient Order of United Workmen, State of Missouri, do hereby agree that compliance on my part with all the laws, regulations, and requirements which are or may be enacted by said order, is the express condition upon which I am to be entitled to participate in the Bene-

ficiary Fund, and have and enjoy all the other benefits and privileges of said order.

"I certify that the answers made by me to the questions propounded by the Medical Examiner of this lodge, which are attached to this application and form a part thereof, are true, and if it should hereafter appear that I have made false statements in any particular, or may have become an habitual drunkard, or I shall hereafter engage in the business of dramshop keeper or bartender, or my death be caused directly by the use of intoxicating liquors, notwithstanding I may, in the meantime, pay all my regular assessments, it is herein agreed upon my part, that said false statement and actions shall render null and void forever my beneficiary certificate, to be hereafter issued upon the basis of this agreement and the medical examiner's report attached to this application."

It will be thus seen that the only question for our consideration is, whether under the facts hereinabove stated the application forms part of the contract, and whether it is, as it is claimed to be in the defendant's answer, by necessary intendment a part of the rules and requirements mentioned in the certificate sued upon.

INSURANCE: application: statements: pleading: onus.

That the certificate is not a complete contract in itself must be conceded. It purports to be issued upon the express condition that the assured should in every particular while a member of said order, comply with all the rules and requirements thereof. The laws, rules and requirements of the order therefore form an indispensable part of the insurance contract. Had the laws of this order provided that any person engaging in the business of a dramshop keeper should forfeit his benefit certificate *eo ipso*, or had they provided that any false statement in the application should forfeit his benefit certificate, there would be no room for argu-

ment.   The .case would then fall strictly within our ruling in *Smith v. Knights of Father Matthew*, 36 Mo. App. 184.   But such is not the case here.   The form of the application is prescribed by the laws of the order, but it is nowhere provided that the facts therein stated should form part of the insurance contract, unless such is the necessary and unavoidable implication.

In case of benefit societies the benefit certificate in connection with the laws of the order contains the contract of insurance.   Bacon on Benefit Societies, sec. 184.   The certificate sued on in this case recites that it is issued upon the express condition that the assured shall in every particular, while a member of said order, comply with all the laws, rules, and requirements thereof: The answer does not state that the defendant is a temperance society, or that its main object, or any of its objects is the promotion of the cause of temperance, or that its object, or any of its objects, is to make its members abstain from the use of alcoholic stimulants. In that respect the case is radically different from *Hogan v. Supreme Council*, 76 Cal. 106, and of *Royal Templars of Temperance v. Curd*, 111 Ill. 284, which are cited and relied on by the appellant. In both of these cases the application is mentioned as forming part of the contract of insurance.   In the first of these cases the court held, "that the distinguishing feature of the order was the requirement on part of its members to abstain from the use of liquors as a beverage, and that the system of insurance was intended to be confined exclusively to temperance people. These facts must have appeared by the laws of the order, otherwise how could the court have noticed them. Besides in that case the assured became a drunkard and died, and the court found that his death was hastened by the excessive use of alcoholic stimulants.   In the *Curd* case the certifi-

cate provided in terms that it was issued upon the express condition that the assured shall, while a member of said order, faithfully maintain his pledge of total abstinence, and it appeared that admission to membership depended upon taking the pledge of total abstinence as a promissory warranty and as a controlling part of the contract of insurance.

The certificate issued by a mutual benefit association is in legal contemplation a policy of insurance, and is in most respects governed by the general rules of law which apply to insurance contracts. Statements made by the assured in his application are not deemed to be warranties, unless they are incorporated in the policy or are properly referred to therein. *The Presbyterian Mutual Assurance Fund v. Allen*, 106 Ind. 593. Not being warranties they are only representations, and it is well settled that a false representation will not vitiate the contract or avoid the policy, unless it relates to a fact actually material or clearly intended to be material by the agreement of the parties. *Alabama Gold Life Ins. Company v. Johnson*, 80 Ala. 474. Of course if such statements are material and willfully false, they will necessarily avoid the contract for fraud. *McVey v. Order of United Workmen*, 53 N. J. L. 17.

Applying these propositions to the case at bar and we must conclude in answering the first point presented that the application of Philip Zepp did constitute part of his contract with the defendant in the sense in which any representation which is made by the assured antecedent to the contract of insurance and upon the faith whereof the policy is issued does form a part of the contract of insurance. On the other hand as the application is not made part of the policy the statements therein are not promissory warranties, but promissory representations only, and being promissory rep-

resentations it was incumbent upon the defendant to plead and prove that their breach was material.

The only plea made by the defendant on that subject is in the following words: "Defendant further avers that heretofore, to wit, on the second day of January, 1895, in violation of the agreements and covenants of said application for membership, and in express violation of the laws of defendant order, said Philip H. Zepp engaged in the business of dramshop keeper or bartender, whereby the benefit certificate sued on became and is null and void." As it is conceded that there is no express provision in the defendant's laws forfeiting membership because the beneficiary becomes a dramshop keeper, and as it is not averred that the promissory representation contained in the application was material, or that the defendant's risk was materially increased or in any way affected by its breach, we must answer the second question in the negative. Hence we are not warranted to disturb the judgment rendered."

Appellant on April 27, same year, filed a motion for new hearing. This motion was sustained and a rehearing granted on December 22, 1896, and on January 28, 1897, the cause was resubmitted on oral argument and additional briefs. This court has re-examined the record and the authorities cited in the briefs of counsel, and now unanimously adopts the opinion as prepared by Judge ROMBAUER, as the opinion of the court. It follows that the judgment of the lower court must be affirmed, and it is so ordered.

All the judges concur.