AUGUSTA STEINERT v. UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA.[1]

December 24, 1903.

Nos. 13,723—(140).

**Beneficial Association.**

> In the constitution of a beneficial association was a provision that "no person who engages in the sale of intoxicating drinks can be admitted or retained as a member." *Held*, taking into consideration other provisions referred to in the opinion, that the one above quoted was not self-executing, and that a member's rights under his certificate did not terminate ipso facto when he engaged in the sale of intoxicating drinks.

Action in the municipal court of Minneapolis by plaintiff as administratrix of the estate of Ferdinand Steinert, deceased, to recover $200, the amount of a "funeral benefit," to which it was alleged the estate of decedent was entitled by virtue of his membership in defendant labor organization. The case was tried before Dickinson, J., who found in favor of plaintiff for the sum demanded. From a judgment entered pursuant to the findings, defendant appealed. Affirmed.

*Herman F. Johnson,* for appellant.

*A. C. Middelstadt,* for respondent.

COLLINS, J.

The right of plaintiff, as administratrix, to recover from defendant association depends upon the construction to be placed upon certain provisions of its constitution, for the facts are undisputed. Mr. Steinert, the deceased, was a member of the organization in good standing for a number of years prior to his death, and he was then a member, unless he had ceased to be so because he had engaged in the sale of intoxicating drinks a short time before. The constitution provided that

> "No person who engages in the sale of intoxicating drinks can be admitted or retained as a member."

[1] Reported in 97 N. W. 668.

There was another provision of the same general import.   Another that

> "Each member will be entitled to all the benefits, rights and priv-
> ileges of this U. B. as prescribed in this constitution by strictly
> adhering to his obligation, and by him and his local union obey-
> ing the constitution and rules."

There were other provisions regulating the method of making charges against an offending member, and for his trial thereon, in a certain manner.

We have not been cited to any case directly in point, but probably the most favorable to defendant is Langnecker v. Trustees, 111 Wis. 279, 87 N. W. 293.   But each case must be decided upon the language found in the constitution or by-laws under consideration, and unless we find one with precisely the same wording as defendant's the construction of language used is of little consequence.

The question is:   Must charges be preferred, and an opportunity to defend given, to an accused member before his membership ceases, or does the act of selling intoxicating drinks terminate the membership without any further proceedings?   That Steinert disregarded the laws of the order stands admitted, but it does not follow that this fact of itself ended all liability of the defendant on his certificate of membership, issued when he was eligible, under which he had good standing, and in which he had acquired a property right.   This depends entirely on the contract of membership, of which the constitution was a part.   It was expressly provided in the certificate that a member must strictly adhere to his obligation, and obey the constitution and all rules of the Union based thereon.   No person who engages in the sale of intoxicating drinks can be "retained" as a member.

Provisions of this kind, which may deprive one of property rights acquired when paying dues from time to time, are to be construed strict-ly, for forfeitures are not favored in the law.   A member should not be deprived of benefits arising out of his certificate of membership un-less a construction of the constitution makes such a result absolutely necessary.   We do not regard these constitutional provisions, taken as a whole, as indicating an intent to make the one above quoted self-executing or operative.   It would have been very easy for the associa-

tion, which undoubtedly prepared its own constitution, if such had been the intent, to have provided explicitly that in case a member engaged in the sale of intoxicating drinks his membership should forthwith and immediately cease, his certificate should stand cancelled, and that he should have no further rights under it. No such language, or its equivalent, was used. By the use of the words "retain" in one place and "retained" in another, the provisions were made ambiguous and indefinite. The difficulty in construing is increased by the provisions which seem to be applicable respecting the preferring of charges and the methods prescribed for trials of offending members. One who has properly united with a beneficial association, and has paid his assessments in due season, cannot be declared to have forfeited his rights upon doubtfully constructed provisions in the constitution; and the one in question was not self-executing or operating.

Judgment affirmed.