# SOVEREIGN CAMP OF WOODMEN OF THE WORLD v. HUTCHINS.

No. 2923.  Opinion Filed September 2, 1913.

· (134 Pac. 1116.)

**INSURANCE—Beneficiary Certificate—Construction.**  Where a beneficiary certificate of a fraternal insurance order was conditioned that if the member holding it should be convicted of a felony, or should be expelled from the order, "or become so far intemperate from the use of intoxicating liquors as to produce delirium tremens, or habitually use opiates, cocaine, chloral, or other narcotic or poison, or should die in consequence of a duel, or from the direct result of the drinking of intoxicating liquors, * * * this certificate shall be null and void and of no effect, and all money which shall have been paid, and all rights and benefits which may have accrued on account of this certificate, shall be absolutely forfeited without notice or service"; and where there was evidence tending to show that the deceased had had delirium tremens after he was insured, but prior to the illness from which he died, it was error to instruct the jury, in an action on said certificate, that before they could find for the defendant they must find that the death of the insured directly resulted from the use of intoxicating liquor.

(Syllabus by Rosser, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by Laura E. Hutchins against the Sovereign Camp of the Woodmen of the World.  Judgment for plaintiff, and defendant brings error.  Reversed and remanded.

*N. B. Maxey, J. B. Campbell,* and *Wm. O. Beall,* for plaintiff in error.

*H. C. Potterf* and *E. A. Walker,* for defendant in error.

Opinion by ROSSER, C.  This was an action on a beneficiary certificate issued by the Sovereign Camp of the Woodmen of the World to John F. Hutchins, the husband of plaintiff.  It was issued on the 28th of October, 1909, and he died on the 3d day of August, 1910.  The certificate or policy contained the following conditions:

"If the member holding this certificate shall be convicted of a felony or shall be expelled from the order, or become so far intemperate from the use of intoxicating liquors as to produce delirium tremens, or habitually use opiates, cocaine, chloral, or other narcotic or poison, or should die in consequence of a duel, or from the direct result of the drinking of intoxicating liquors, * * * this certificate shall be null and void and of no effect, and all money which shall have been paid, and all rights and benefits which may have accrued on account of this certificate, shall be absolutely forfeited without notice or service."

It was the contention of the defendant that the deceased violated this condition in that he became so far intemperate from the use of intoxicating liquors as to produce delirium tremens, and also that he violated the conditions by becoming so far intemperate that he died from the direct result of drinking intoxicating liquors. There was evidence tending to show that he died from an attack of delirium tremens, and also that he had had other attacks of delirium tremens prior to his death.

The plaintiff in error assigns as error the action of the court in instructing the jury as follows:

"You are instructed that if the defendant has failed to prove to your satisfaction, by a preponderance of the evidence, that the death of John F. Hutchins was caused by his intemperate use of intoxicating liquors, so as to produce delirium tremens, resulting in his death, or that he died from the direct result of the drinking of intoxicating liquors, or that he died from a disease resulting from his own vicious, intemperate, or immoral habits, act or acts, then you are told that the plaintiff is entitled to recover the sum prayed for in her petition. And in this connection you are told that, even though you may believe that the insured, John F. Hutchins, was addicted to the use of intoxicating liquors after the issuance of the beneficiary certificate, this of itself is not sufficient, but in order to defeat recovery on the certificate you must further find and believe that his death directly resulted from such use of intoxicating liquors."

The giving of this instruction was error. The trouble with the instruction is that the jury were only authorized to find for the defendant in case they should believe that his death directly resulted from the use of intoxicating liquor. A reading of the condition of the policy shows that the policy was

forfeited should his use of intoxicating liquor go to the extent of producing delirium tremens, whether death resulted directly or not. If death resulted from the drinking of intoxicating liquor, the defendant was not liable whether the deceased was suffering from delirium tremens at the time of his death or not. This is the plain meaning of the conditions. Courts are not authorized to construe words otherwise than in accordance with their plain nature and obvious meaning, unless from a consideration of the entire evidence it shall appear that the parties did not intend to so use them. *Royal Templars of Temperance v. Curd,* 111 Ill. 284.

A condition almost exactly the same as the one contained in this policy was construed in *Modern Woodmen of America v. Breckenridge,* 75 Kan. 373, 89 Pac. 661, 10 L. R. A. (N. S.) 136, 12 Ann. Cas. 636. In the course of the opinion the court said:

"Courts should construe the plain, unambiguous provisions of a benefit certificate the same as they would an agreement between other contracting parties and give to it the effect intended by the parties. It is evident that it was the intention of both parties to the certificate that the forfeiture clause should have the effect its language plainly indicates; that if the member violated his contract against impairing his health by the continued excessive use of drugs, or produced delirium tremens by a continued excessive use of alcoholic drinks, he should forfeit all benefits under the certificate. *Hogins v. Supreme Council, C. of R. C.,* 76 Cal. 109, 18 Pac. 125, 9 Am. St. Rep. 173; *Smith v. Knights of Father Mathew,* 36 Mo. App. 184; *Newman v. Covenant Mut. Ins. Asso.,* 76 Iowa, 56, 40 N. W. 87, 1 L. R. A. 659, 14 Am. St. Rep. 196; *Supreme Council, R. L., v. Moerschbaecher,* 88 Ill. App. 89; *Northwestern Masonic Aid Asso. v. Bodurtha,* 23 Ind. App. 121, 53 N. E. 787, 77 Am. St. Rep. 414. In this connection it is well to observe that there is a notable distinction between certificates in which the member agrees that he will not engage in a designated prohibited business or will not impair his health by the use of drugs or intoxicating liquors, and those where the provision is that, if he does violate such conditions, he shall forfeit all benefits under the certificate. In the first instance, a forfeiture follows only after trial or expulsion, while in the latter the forfeiture follows a violation of the condition. *High Court, I. O. of F., v. Zak,*

136 Ill. 185, 26 N. E. 593, 29 Am. St. Rep. 318; *Steinert v. United Brotherhood, C. & J.*, 91 Minn. 189, 97 N. W. 668; 2 Bacon, Ben. Soc. sec. 326a."

The cases cited in the foregoing quotation seem to be in point and to sustain the decision of the court therein. The court in that case found that there was a waiver by the society of the forfeiture provided for in the policy, but that does not affect the value of the opinion upon this question, decided in the language quoted above.

It is to the interest of the holders of certificates in these fraternal insurance societies that the conditions of the policies be enforced. Otherwise the members complying with them will have to carry the double burden of their own insurance, and also those who, by failing to comply with the conditions, shorten their own lives and increase the death rate of the society. The other questions involved will probably not arise on another trial and will not be considered.

For this error in instructing the jury, the judgment should be reversed, and the cause remanded.

By the Court: It is so ordered.