### SOVEREIGN CAMP OF WOODMEN OF THE WORLD v. HUTCHINS.

No. 7414.—Opinion Filed June 27, 1916.

Rehearing Denied September 12, 1916.

(159 Pac. 920.)

**1. Appeal and Error—Assignments of Error —Sufficiency.**

The second paragraph of syllabus in Collier et al. v. Gannon, 40 Okla. 275, 137 Pac. 1179, is adopted herein.

**2. Insurance — Fraternal Insurance — Burden of Proof.**

Where, in an action on a benefit certificate, liability is denied on the ground that a false statement was made by the assured in the application for the certificate, which by its term voided the same, and it was denied that the assured executed the application or made the false statement, held, that it was not error for the court to instruct the jury that the burden was on the defendant to prove the execution of the application and the alleged false statement therein.

(Syllabus by Galbraith, C.)

Error from District Court, Carter County; A. Eddleman, Judge.

Action by Laura E. Hutchins against Sovereign Camp of the Woodmen of the World. There was judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 39 Okla. 267, 134 Pac. 1116.

N. B. Maxey and Kelly Brown, for plaintiff in error.

Potterf & Walker, for defendant in error.

Opinion by GALBRAITH, C. This action was commenced by the defendant in error,

as plaintiff in the trial court, against the Sovereign Camp of the Woodmen of the World, to recover on a benefit certificate issued to her deceased husband, John F. Hutchins, on October 28, 1909, in the sum of $1,000. The certificate provided that if the insured died within a year of the date of its issuance the beneficiary should receive $500 in full satisfaction thereof. It was alleged that the beneficiary died within the year, to wit, on the 3d day of August, 1910. Liability was denied on the ground (1) that the insured made false statements in his written application for the policy, which, under the terms thereof, voided it; (2) that the deceased indulged in the excessive use of intoxicating liquors after the issuance of the certificate to the extent that it produced delirium tremens, which caused his death, and therefore the policy under its terms was voided. These grounds of defense were specifically denied in the reply, and it was also denied that the assured signed the written application for the certificate. On the issues thus formed the cause was submitted to the court and a jury and a verdict returned for the plaintiff in the sum of $500, from which an appeal has been presented to this court. This is the second appeal in this cause. In the first appeal the judgment recovered against the plaintiff in error was reversed because of error of the trial court in the instructions to the jury. See Sovereign Camp Woodmen of the World v. Hutchins, 39 Okla. 267, 134 Pac. 1116.

Upon this appeal the first, second, and third assignments of error are to the admission of testimony over the objection of the plaintiff in error. The argument in the brief in support of these assignments fails to set out the full substance of the testimony objected to, "stating specifically his objections thereto," "so that no examination of the record itself need be made in this court," as required by rule 25 (38 Okla. x., 95 Pac. viii).

In Collier et al. v. Gannon, 40 Okla. 275, at 278, 137 Pac. 1179, 1181, it is said:

"The evidence raised by this assignment is not set out in accordance with rule 25 of this court (38 Okla. x, 95 Pac. viii). * * * Under the uniform holdings of this court, where such is not done, such question will not be considered on review here. Scoville et ux. v. Powell et al., 33 Okla. 446, 126 Pac. 730."

These assignments are therefore not presented for review.

The other assignments of error relate to certain instructions given the jury by the court. Objection is made to instruction No. 4, which reads as follows:

"Therefore, if you believe from a preponderance of the evidence that the insured, John F. Hutchins, after the issuance of the beneficiary certificate in question, became so intemperate from the use of intoxicating liquors as to produce delirium tremens, or that he died from the direct result of the drinking of intoxicating liquors, or died from a disease, resulting from his own vicious, intemperate, or immoral habits, act or acts, then, in that event, the plaintiff cannot recover in this case, and you should return your verdict for the defendant."

It 's admitted that this instruction "contains a correct statement of the law governing the case," but it is insisted that it contains "some irrelevant matter that destroys its usefulness." Just what such "irrelevant matter" consisted of does not clearly appear, although an intimation is given that there is no evidence in the record that the death of the insured was due to "disease resulting from his own vicious, intemperate, or immoral habits, act or acts," and therefore the jury were misled by including this phrase in the instruction. If there was no evidence in support of this part of the charge, it does not appear that the plaintiff in error was injured by it, and therefore has any just ground for complaint on account thereof.

Again, it is complained that the court erred in instructing the jury that, inasmuch as it was denied that the assured signed or executed the application for the certificate, the burden of proof was on the defendant to prove by a preponderance of the evidence that he did execute it in order to support the defense of a false statement made therein. This was not error. One of the grounds upon which the defendant denied liability was that the assured had made a false statement in the written application which voided the certificate. The plaintiff denied that the assured signed the application and made the statement claimed to be false.

At the trial the plaintiff offered the certificate, proof of death, and the making proof of death and demand for payment, and rested. Thus a prima facie case of the liability was made out. The defendant offered the application with proof of its execution by the assured and the alleged false statement therein. Proof in rebuttal was admitted to the effect that the signature to the application was not that of the assured. The law cast upon the defendant the burden of establishing this ground of its defense, and it was not error for the court to so instruct the jury.

Other instructions are complained of, but a careful consideration of them constrains us to hold that the issues were fully stated to the jury by the court in the instructions, and the law applicable thereto, and that none of these assignments are well taken.

The issuance of the policy was admitted, but it was contended by the plaintiff in error that it was not liable for the reason set out in its answer. The plaintiff in error assumed the burden of proof in establishing the defenses set out. The evidence was conflicting. The jury by the verdict found that the defenses relied upon had not been sustained. There was evidence to sustain this verdict.

Therefore the judgment appealed from should be affirmed.

By the Court: It is so ordered.