BIDWELL, (BARRAS v.) See Case No. 1,039.

## Case No. 1,393.

### BIDWELL v. CONNECTICUT MUT. LIFE INS. CO.

[3 Sawy. 261.] [2]

Circuit Court, D. California. Dec. 21, 1874.

PLEADING—LIFE INSURANCE POLICY.

Where, by the express terms of the policy, "the proposals, answers and declarations" made by the applicant are made a part of the policy, they should be stated in the complaint in an action founded upon the policy.

[See note at end of case.]

[At law. Action by Anna R. Bidwell against the Connecticut Mutual Life Insurance Company to recover on a policy of insurance. Defendant demurs. Demurrer sustained.]

[1] [Reprinted by permission.]

[2] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

Beatty & Denson, for plaintiff.
Doyle & Barber, for defendant.

SAWYER, Circuit Judge. Action upon a life insurance policy. The complaint contains a copy of the policy, but does not set out, either in haec verba or in substance, the "proposals, answers and declarations" made by the applicant upon which the policy was issued. The policy set out contains the following clause: "And it is also understood and agreed to be the true intent and meaning hereof, that if the proposals, answers and declarations made by the said Alanson C. Bidwell, and bearing date the fifteenth day of November, 1866, and which are hereby made part and parcel of this policy as fully as if herein recited, and upon the faith of which this agreement is made, shall be found in any respect untrue, then and in such case this policy shall be null and void." The defendant demurs, on the ground that the complaint is uncertain and insufficient, it appearing upon its face that the entire contract is not set out. I think this point well taken. It is well settled that under the provision of the policy cited, the proposals, etc., are not mere representations made as inducement to enter into a contract, but are warranties and a part of the contract itself. Miles v. Connecticut Mut. Life Ins. Co., 3 Gray, 580; 1 Bigelow, 173; Ryan v. World Mut. Life Ins. Co., 4 Ins. Law J. 37; Campbell v. New England Mut. Life Ins. Co., 98 Mass. 381; Tebbetts v. Hamilton Home Mut. Ins. Co., 1 Allen, 305; McLoon v. Commercial Mut. Ins. Co., 100 Mass. 472; Kelsey v. Universal Life Ins. Co., 35 Conn. 235; Miller v. Mutual Ben. Life Ins. Co., 31 Iowa, 227; Lycoming Mut. Ins. Co. v. Saile, 67 Pa. St. 108; Rogers v. Charter Oak Life Ins. Co., Sup. Ct. Conn., [41 Conn. 97.] The application being a part of the contract, it is necessary to set it out in the complaint; otherwise it does not appear what the contract is. Bobbitt v. Liverpool & L. & G. Ins. Co., 66 N. C. 70; Steph. Pl. 132; Gould, Pl. c. 4, § 28; 1 Chit. Pl. 236.

The demurrer must be sustained, and it is so ordered.

[NOTE. The principal case evidently established the California practice, since it was followed in Gilmore v. Lycoming Fire Ins. Co., 55 Cal. 123, which state case was subsequently approved, but distinguished in Tischler v. California Farmers' Mut. Fire Ins. Co., 66 Cal. 178, 4 Pac. 1169. The contrary doctrine, however, has been held in Jacobs v. National Life Ins. Co., 1 MacArthur, 632, 4 Ins. Law J. 339; Mutual Ben. Life Ins. Co. v. Cannon, 48 Ind. 264; Guardian Mut. Life Ins. Co. v. Hogan, 80 Ill. 35. In Georgia, where, by statute, it is unnecessary to set out the application in the complaint, it has been held in Travelers' Ins. Co. v. Sheppard, (Ga.) 12 S. E. 18, that the policy is admissible in evidence without the application on which it was issued. In Indiana and North Carolina the courts hold that it is unnecessary to set out the application as a part of the contract, under statutes allowing a general allegation of performance by plaintiff of conditions precedent. Pennsylvania Mut. Life Ins. Co. v. Wiler, 100 Ind. 92; Northwestern

Mut. Life Ins. Co. v. Hazlett, 105 Ind. 212, 4 N. E. 582; Britt v. Mutual Ben. Life Ins. Co., 105 N. C. 175, 10 S. E. 896. And Act Pa. May 11, 1881, (P. L. 20,) requires a copy of the application to be attached to the policy, and renders the application inadmissible in evidence if not so attached. See New Era Life Ass'n v. Musser, 120 Pa. St. 384, 14 Atl. 155; Norristown Title, Trust, etc., Co., v. Hancock Mut. Life Ins. Co., 132 Pa. St. 385, 19 Atl. 270.

[A substantially similar question has arisen in several cases as to the necessity of the insured to introduce the application in evidence; and it has been held in Mutual Ben. Life Ins. Co. v. Robertson, 59 Ill. 123, and Suppiger v. Covenant Mut. Ben. Ass'n, 20 Bradw. 595, that it is unnecessary, and in Pennsylvania Mut. Aid Soc. v. Corley, 2 Penny. 398, that a policy, referring to an application as part of it, is inadmissible in evidence, without either producing the application or accounting for it.]