CATHARINE HOGINS, APPELLANT, *v.* SUPREME COUNCIL OF THE CHAMPIONS OF THE RED CROSS, RESPONDENT.

LIFE INSURANCE — TEMPERANCE ASSOCIATION — FORFEITURE OF POLICY BY INTEMPERANCE. — A certificate of life insurance issued by a beneficial temperance association upon the lite of a member, on the express condition that the insured, while a member of the association, should in every particular comply with the laws, rules, and requirements of the association, becomes forfeited if the insured, after its issuance, uses liquors as a beverage, in violation of a requirement of the association.

ID. — SUSPENSION OR EXPULSION NOT NECESSARY TO FORFEITURE. — The fact that a by-law of the association made a breach of such requirement punishable by suspension or expulsion does not render suspension or expulsion necessary in order to work a forfeiture of the policy.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*R. B. Mitchell,* for Appellant.

To forfeit the policy, there must have been a legal suspension, upon due notice. (*Knights of Honor* v. *Johnson,* 78 Ind. 111; *Supreme Lodge Knights of Pythias* v. *Schmidt,* 14 Ins. Law J. 127; *Carlson* v. *Mutual Ben. Ass'n,* 5 West Coast Rep. 459.) The declarations in the policy forbidding the doing of an act without affixing the penalty of forfeiture, do not avoid the policy in case of breach. (*Marcus* v. *St. Louis M. L. I. Co.,* 4 Ins. Law J. 186; *Sanford* v. *California F. M. F. I. Ass'n,* 63 Cal. 549.)

*Arthur Rodgers,* for Respondent.

PATERSON, J. — This is an action to recover from the defendant the amount of one thousand dollars on a beneficiary certificate issued by the Grand Encampment of the Champions of the Red Cross of California, upon the life of appellant's husband. The defense is breach of the conditions of the contract of insurance. Judgment

was rendered in the court below in favor of the defendant.

The Champions of the Red Cross is a temperance order, or fraternity. The order originally consisted in this state of a supreme council, a grand encampment, and subordinate encampments. The insurance system was under the supervision of the grand encampment, which issued the certificates. On October 20, 1881, the grand encampment went out of existence, and defendants assumed payment of all policies then in force. The system of insurance is called the mutual life benefit system, and every full member who had taken the three degrees of a subordinate encampment, and had complied in every particular with all the laws, rules, and requirements of the order, was entitled to participate in this insurance from one thousand dollars upward, according to the number of members.

On September 26, 1879, Daniel Hogins, a member in good standing of Castle Encampment No. 68, San Francisco, made application in writing for a certificate payable at his death to his wife, appellant herein, and said certificate was regularly issued on October 2, 1879, and after having been regularly countersigned as required by the laws of the order, was, on October 10, 1879, delivered to him, and by him thereupon delivered to appellant. The court found that " on July 9, 1883, the said Daniel Hogins commenced drinking spirituous liquors as a beverage, and did thereafter continue upon a drinking spree, and use whisky, brandy, and other alcoholic stimulants as a beverage, and on Friday, July 13, 1883, at about seven o'clock, p. m., he died, his death being hastened by the excessive use of such liquor." After the issuance of the policy, and until his death, no charges were preferred against Hogins; his monthly dues and assessments on his certificate were paid as fast as they became due. In his written application for a certificate Hogins agreed " that a compliance with all the laws,

regulations, and requirements which now or hereafter may be enacted by our said order is the express condition upon which I am to be entitled to participate in the mutual benefit life system."

The certificate itself contained this clause: "This certificate is issued upon the express condition that said Daniel Hogins shall in every particular, while a member of our said order, comply with all the laws, rules, and requirements thereof."

The controlling and distinguishing feature of this order is its requirement of daily abstinence from the use of liquors as a beverage by its members. It is the fundamental principle in every degree. In order to become a member of the order, or entitled to a beneficiary certificate, the applicant was required to take all the degrees, and pledge himself upon taking each one that, so long as he was a member of the order, he would wholly abstain from the use of all alcoholic liquors as a beverage. Violations of this pledge were punished by suspension. The system of insurance is clearly intended to be confined exclusively to temperance people. The applicant, Hogins, so understood it. In his application he expressly agreed that he should not be entitled to the benefits of the system unless he complied with all the laws, regulations, and requirements of the order. The clause quoted from the certificate does not, perhaps, literally express the meaning intended, but it is quite clear what was meant and intended by the parties. It does not say that payment is contingent upon the express condition, but such was clearly the intent. Appellant claims that the condition is for the issuance merely, but the conditions are in their nature matters to occur in the future. "That said Daniel Hogins shall in every particular, while a member of our said order, comply with all the laws, rules, and requirements thereof," shows beyond controversy that his conduct after the issuance of the certificate was to be the con-

dition of payment. His application shows clearly that such was his intention and contract, and we think that the application and the certificate may be read together for the purpose of showing that the clause in the certificate is an express condition precedent to the payment of the insurance.

"In all contracts of insurance, certain statements are made, certain stipulations are entered into, and certain provisos, conditions, and by-laws are introduced or referred to in a more or less explicit manner. As a general rule, if these statements, stipulations, etc., are contained in or expressly made a part of the policy, they become warranties, and are so denominated in the law of insurance. . . . . By a warranty the insured stipulates for the absolute truth of the statement made, and the strict compliance with some promised line of conduct upon penalty of forfeiture of his right to recover in case of loss, should the statement prove untrue or the course of conduct promised be unfulfilled. The warranty is an agreement in the nature of a condition precedent, and like that must be strictly complied with. . . . . Any statement or stipulation upon the literal truth or fulfillment of which depends the validity of the contract, whether appearing as a condition or warranted, or modified otherwise, amounts to a warranty." (May on Insurance, pp. 160, 161.) The same principles apply·to all kinds of insurance.

We do not think that suspension or expulsion by the order was necessary to forfeit the policy. In *Knights of Honor* v. *Johnson*, 78 Ind. 111, the certificate contained this clause: "Providing he be in good standing when he dies." It was held simply in that case that it was not shown that the member was not in good standing when he died. We see nothing in *Bidwell* v. *Connecticut M. L. Ins. Co.*, 3 Saw. 261, which holds that, unless the certificate refers to the written application therefor, the application forms no part of the contract. As we construe

the clause in the certificate, it is in substance and effect the same as the clause in the application which we have referred to, and was so intended by all parties.

It is said that the defendant can always refuse to pay the certificates on the ground that the second part of the obligation, namely, "to do all things in his power to promote the cause of temperance," has not been kept. It would be very difficult indeed for the beneficiary to prove how much was in the power of the deceased in the way of promoting the temperance cause, and the failure on behalf of the insured to prevent another from taking a drink might be claimed by the defendant as a forfeiture, etc. It is sufficient to say here that Hogins agreed, among other things, not to drink alcoholic liquors, and that he willfully broke the condition in violating the fundamental and controlling principle of his obligation and of the order.

Judgment affirmed.

SEARLS, C. J., and McKINSTRY, J., concurred.