Nettie M. Steele *et al.*

*v.*

The Fraternal Tribunes.

*Opinion filed April 17, 1905.*

1. Corporations—*one dealing with corporation of limited powers is chargeable with notice.* One who deals with a corporation having, as a matter of public law, limited or delegated powers, is chargeable with notice of those powers and their limitations, and cannot plead ignorance of their existence.

2. Same—*when corporation is not estopped to raise defense of ultra vires.* If a contract with a corporation is beyond the powers conferred upon it by existing laws, neither the corporation nor the other party to the contract, by assenting to it or acting upon it, can be estopped to raise the defense of *ultra vires.*

3. Benefit societies—*when contract of insurance is beyond the power of society.* A benefit society organized in this State whose by-laws and certificate of organization prohibit the taking in of a member over fifty-one years of age cannot be bound by a certificate of membership issued to a person over that age, even though some of the officers of the local lodge knew that his representation of his age, in the application, as fifty-one, and which he warranted to be true, was false.

Writ of Error to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Philip Stein, Judge, presiding.

The defendant in error, a fraternal benefit society, was incorporated on June 22, 1897, under "An act to provide for the organization and management of fraternal beneficiary societies," etc., approved and in force June 22, 1893, as amended by an act in force July 1, 1895. (Hurd's Stat. 1899, p. 1030.) At the first meeting of the members they made, signed and acknowledged, before an officer authorized to take acknowledgments of deeds, a certificate of association, in which they stated the name or title of the proposed society, the object for which it was formed, the plan of doing business, the names of the board of officers for the first year

and the manner of selecting their successors; also the limit as to the age of applicants for membership, which was not to exceed fifty-one years, etc. The following by-laws were thereafter in force:

"Sec. 203. No person shall be admitted to beneficiary membership in a home tribunal unless over the age of eighteen and under fifty-one years, and a person of sound health, of good moral character and competent to earn a livelihood.

"Sec. 204. Applicants for beneficiary membership shall make the application for admittance under clauses designated as 'A,' 'B,' 'C' and 'D.'

"Sec. 308. Every statement made in his application for membership, or in his answer to questions asked by the medical examiner, shall be deemed warranties of the faith thereof, and if not true shall make his certificate void."

The certificate of association was duly filed with the insurance superintendent of the State of Illinois, and upon examination he approved the same and issued a certificate of organization. Paragraph 8 of the certificate filed with the superintendent is as follows: "No person shall become a member of this corporation who is under eighteen or over fifty-one years of age."

On February 15, 1898, Edward J. Steele, a lieutenant of police in the city of Chicago, applied for membership in the Chicago Home Tribunal No. 18, and for benefits amounting to $2000, in class "A." In his application he said: "I was born on the 14th day of August, 1847, in the town of Lowville, in Lewis county, and State of New York, and am fifty-one years of age at my nearest birthday." The application also contained the following: "I do hereby warrant the faithfulness of the statements in this application, and consent and agree that any untruth or fraudulent statement made therein, or to the medical examiner, or any concealment of the facts by me in this application, or my suspension or expulsion from or voluntarily severing my connection with the order, shall forfeit the rights of myself

and my family or dependents to all benefits and privileges therein." In his medical examination, which took place on the day of the application, he stated his age as fifty-one years. A benefit certificate of membership was issued to him on March 24, 1898, which contained the following among other provisions: "This certificate is issued upon the condition that the statements made by said member in applying for membership, and in answer to the interrogatories of the local medical examiner, are true, full and correct in every particular; that said medical examination, together with the rules and regulations of this order now in force or hereafter adopted, be made a part of this contract. In the event of the death of said member while in good standing, as aforesaid, this order agrees to pay from the funds above mentioned the sum of $2000 unto the beneficiary or beneficiaries designated by said member."

At the time the application was made Steele was sixty years old or more, instead of fifty-one, as stated in his application. He died September 17, 1900, having paid all dues, assessments and charges owing from him. Suit was brought upon the policy of insurance, and upon a hearing before the court and a jury judgment was rendered in favor of plaintiffs in error for $2226.11. Special interrogatories were submitted to the jury, which they answered to the effect that the deceased, in his application, intentionally misrepresented his age; that no officer of the Supreme Tribunal knew that deceased was more than fifty-one years of age when his certificate was issued, but that some of the officers of Home Tribunal No. 18 knew that he was over age. Upon an appeal to the Appellate Court for the First District the judgment was reversed, and a writ of error has been prosecuted to this court.

E. F. COMSTOCK, and HENRY S. WILCOX, for plaintiffs in error.

JAMES MCCARTNEY, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is insisted as grounds of reversal that the finding of facts made by the Appellate Court is not sufficient, and that the court erred in sustaining defendant's plea of *ultra vires*.

The defendant in error was organized under the statute of this State which provides that the incorporation of such companies shall be under the supervision of the superintendent of insurance, and when they have complied with the statute he shall issue to them a certificate of organization, and thereupon they may proceed to transact business according to the plan of their organization. It was evidently the intention of the legislature to control all fraternal societies and place them under the direction of the insurance department. The defendant society, in its certificate of organization, provided that it would insure persons between the ages of eighteen and fifty-one years. This was the limit placed upon its operations, and it was not authorized to carry on business outside of those limits. At the time the insured made application for membership he falsely stated that he was fifty-one years of age, and gave the date of his birth as 1847, when, in fact, he was born in 1839. He agreed, in his application, to warrant the faithfulness of the statements therein contained, and agreed that any untrue or fraudulent statement made therein, or to the medical examiner, or concealment of facts made by him in his application, should forfeit his right of insurance. These facts were found by the Appellate Court, and are sufficient, in law, to sustain its judgment. The false statement of the age of the assured was a fraud upon the defendant in error and vitiated the contract of insurance.

It is insisted, however, that even though the contract be regarded as *ultra vires,* yet defendant in error cannot avail itself of such defense, the contract having been performed in good faith by the other party and the corporation had the full benefit of such performance. We cannot agree with this contention. A contract of a corporation which is *ultra*

215—13

*vires* in the proper sense of that term,—that is to say, outside the object of its creation, as defined by the laws of its organization, and therefore beyond the powers conferred upon it by the legislature,—is not only voidable, but wholly void and of no legal effect. The objection to the contract here is, not merely that the corporation ought not to have made it, but that it could not lawfully make it. The contract could not be ratified by either party because it could not have been authorized by either. No performance by the parties could give the unlawful contract validity or become the foundation of any right of action upon it. When a corporation acts within the general scope of the powers conferred upon it by the legislature, it, as well as all persons contracting with it, will be estopped to deny that it has complied with the legal formalities which are prerequisite to its existence or to its action because such prerequisites might, in fact, have been complied with. (*Wood* v. *Mystic Circle,* 212 Ill. 532.) But when the contract is beyond the powers conferred upon it by existing laws, neither the corporation nor the other party to the contract can be estopped, by assenting to it or by acting upon it, to show that it was prohibited by those laws. The powers delegated by the State to corporations are matters of public law, of which no one can plead ignorance. A party dealing with a corporation having limited and delegated powers is chargeable with notice of those powers and their limitations and cannot plead his ignorance of their existence. (*National Home Building Ass.* v. *Bank,* 181 Ill. 35; *Durkee* v. *People,* 155 id. 354; *Central Transportation Co.* v. *Pullman Palace Car Co.* 139 U. S. 24.) Here the company was absolutely powerless to insure a man over fifty-one years of age.

We find no reversible error, and the judgment of the Appellate Court will be affirmed.   *Judgment affirmed.*