[S. F. No. 3507.  Department Two.—November 10, 1905.]

## CHRISTINA CALDWELL, Respondent, v. GRAND LODGE OF UNITED WORKMEN OF CALIFORNIA, Appellant

MUTUAL BENEFIT SOCIETIES — BENEFICIARY CERTIFICATE — "DEPENDENCE."—A person in no way related to a member of a mutual benefit society, who has no legal or moral claim upon him beyond his voluntary contributions to her support during his life, which he might have ceased at any time, and who is a married woman having a husband capable of supporting her, is not "dependent" upon such member within the meaning of a by-law allowing a person to be designated as beneficiary in his certificate of insurance "who shall be dependent upon him." The "dependence" which is there meant is a dependence resting upon some moral, legal, or equitable ground, not a dependence which is only a matter of favor, founded upon the mere whim or caprice of the member, and which may be cast aside without violating any legal or moral obligation.

ID.—SUBMISSION OF MEMBER TO BY-LAWS—CONDITION OF PARTICIPATION IN FUND.—Where the member when he joined the order agreed specifically to abide by and conform to the by-laws in force or subsequently to be adopted, his compliance therewith is made a condition by which he was entitled to participate in the beneficiary fund of the order; and the by-laws in existence when a beneficiary certificate is issued, and not for any reason invalid, enter into and govern all his rights and relationship to the association.

ID.—REASONABLE CHANGE IN BY-LAWS. — Where the original by-laws allowed any person to be named by the member as a beneficiary, a change in the by-laws of the order requiring one to be designated, as a member of the family, or related by blood, or "who shall be dependent upon him," is reasonable; and after it went into effect the member had no right to name a beneficiary any other than one of the classes therein designated.

ID.—SURRENDER OF CERTIFICATE—CHANGE OF BENEFICIARY—WARRANTY.—Where the member subsequent to the change in the by-laws surrendered his former certificate, the beneficiary in which might have been protected as against such change, and took a new certificate, designating such married woman as "dependent· upon him," by force of the amendment such designation justified the order in issuing the certificate, and was a representation upon the truth of which the validity of the contract depended, and amounted to a warranty.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

William H. Jordan, and Davis & Hirshberg, for Appellant.

Riordan & Lande, for Respondent.

HENSHAW, J.—The defendant is a fraternal and beneficial association. Plaintiff brought her action to recover from the defendant the sum of two thousand dollars which she claims under the terms of a beneficiary certificate issued by defendant to Oliver H. Baker, who in his lifetime was a member of the order. Baker joined the order in 1879 and in his application for a beneficiary certificate declared as follows: "I do hereby agree that compliance on my part with all laws, regulations and requirements which are or may be enacted by said order, is the express condition upon which I am to be entitled to participate in the beneficiary fund and have and enjoy all the other benefits and privileges of said order." When Baker joined the order the by-laws provided that certificates might be made payable "to any person or persons selected by the member." In 1889 Baker's certificate was payable to the Humboldt Savings and Loan Society as trustee of his estate. While this certificate was so outstanding the order in 1893 amended its laws so as to read: "Each member shall designate the person or persons to whom the beneficiary fund due on his death shall be paid, who shall in every instance be one or more members of his family, or some one related to him by blood, or who shall be dependent upon him." In 1898, while this by-law was in force, Baker revoked his nominee, the Humboldt Savings and Loan Society, and directed payment of the certificate to be made "to Mrs. Howard W. Caldwell, being no relation to myself, of 9 Langton Street, San Francisco, being dependent upon me." After Baker's death Mrs. Caldwell made demand for the payment of the certificate, which was refused upon the ground that she was not one of the persons contemplated by the above-quoted by-law in whose favor a legal certificate could issue. Upon this controverted proposition the trial was had, resulting in a judgment in favor of the plaintiff, and the defendant appeals.

Respondent meets the appeal with the preliminary objection that the specifications of the particulars wherein the evidence is alleged to be insufficient are objectionable; but we think the specifications fairly comply with the requirements of

section 659 of the Code of Civil Procedure. The court found that the plaintiff was a person dependent upon Baker within the meaning of the provision of the by-law above quoted. The facts as to such dependence are, in brief, as follows: Plaintiff was in no way related to the deceased, Baker. The deceased, Baker, had proposed marriage to her and she had refused him, saying that she did not love him and would not marry a man for his money; that she cared for Caldwell, but that he could not afford to marry her. Baker told her to get married, and she did. He furnished a house for her and lived there with her husband and herself, gave her money, paid doctors' bills, and showed himself in many ways most generous to her and her husband. Upon the other hand, Mrs. Caldwell had a husband who earned, when he worked, two dollars a day, and it is not pretended that she had the slightest legal claim whatsoever upon Baker. It is not pretended that she had the slightest moral claim upon him, unless it came from the fact that he told her to go ahead and get married and that he would take care of her while he lived; but as Baker's promise was only to take care of her while he lived, and as he appears to have handsomely fulfilled that promise, this moral obligation certainly ended with his death. The question is whether this state of facts constitutes the plaintiff a dependent person within the meaning of the word as used in the by-laws of the order. Unquestionably it does not. The dependence which is there meant is a dependence resting upon some moral, legal, or equitable ground, not a dependence which is only a matter of favor, which is founded upon the mere whim or caprice of the member, and which may be cast aside by him without violating any legal or moral obligation. Accepting the somewhat strange story told by the plaintiff at its face value, she was married and had a husband capable of supporting her, yet she accepted presents of money, clothes, and the like from Baker, who lived in her household, and paid her board, without the slightest legal or moral obligation upon his part to continue so to do for one day longer than suited his whim. Moreover, as has been pointed out, the moral obligation to do anything for her ceased, by the very terms of her testimony, with his death. As is said in *McCarthy* v. *New England Order of Protection*, 153 Mass. 314, [26 N. E. 866, 25 Am. St. Rep. 637], "Trivial, casual, or perhaps wholly

charitable assistance would not create the relationship of dependency within the meaning of the by-laws. Something more is undoubtedly required. The beneficiary must be dependent upon the member in a material degree for support or maintenance, or assistance, and the obligation on the part of the member to furnish it must, it would seem, rest upon some moral or legal or equitable ground, and not upon the purely voluntary or charitable impulse or disposition of the member.'' Such is the accepted rule, and it cannot be disputed that, in considering the charitable and benevolent nature of these associations, it is the just rule. (*Supreme Lodge K. of H.* v. *Oeters,* 95 Va. 610, [29 S. E. 323] ; *Ballou* v. *Gile,* 50 Wis. 619, [7 N. W. 561] ; *Alexander* v. *Parker,* 144 Ill. 355, [33 N. E. 183] ; *American Legion of Honor* v. *Perry,* 140 Mass. 580, [5 N. E. 634] ; *Hellenberg* v. *B'nai B'rith,* 94 N. Y. 580; *Gillam* v. *Dale,* 69 Kan. 362, [76 Pac. 861] ; Niblack on Benevolent Societies, sec. 195; Bacon on Benefit Societies, 2d ed., sec. 261.)

It is, however, contended that as Baker became a member of the order at a time when its by-laws permitted him to have the certificate issued in favor of any person a subsequent change in the by-laws limiting the classes of persons to whom such certificate could be issued was an impairment of his contract, and thereby void as to him and as to the certificate actually issued in favor of this plaintiff. It is unquestionably true that in a policy of life insurance a designation of a beneficiary valid in its inception remains so, although the insurable interest or relationship of the beneficiary has ceased, unless otherwise stipulated in the contract. (*Courtois* v. *Grand Lodge,* 135 Cal. 557, [67 Pac. 970, 87 Am. St. Rep. 137] ; *Wist* v. *Grand Lodge,* 22 Or. 271, [29 Pac. 610, 29 Am. St. Rep. 603].) But such is not the proposition here presented. This principle would have been applicable if refusal had been made by the order after the passage of its amended by-law to pay the certificate in favor of the Humboldt Savings and Loan Society, which was a valid certificate in favor of that institution at the time of its issuance. In this case Baker surrendered that certificate, and while the amended by-law was in force caused a new certificate to be issued to a person who under the by-law was not entitled to it. Baker had not been compelled to designate a new beneficiary; but having volun-

tarily undertaken so to do, could he or could he not designate a beneficiary not contemplated by the by-law then in force? We entertain no doubt that this he could not do. Baker joined the order, agreeing specifically to abide by and conform to the by-laws in force or subsequently to be adopted. His compliance with such laws as were then in force or might thereafter be enacted was by his express agreement made a condition by which he was entitled to participate in the beneficiary fund of the order; and where the contract between the member and the order is as here disclosed it is never to be disputed that all subsequent rules, regulations, and by-laws, not in themselves unreasonable, against express law or public policy, enter into and govern all of his rights and relationship with the association. (*Wist* v. *Grand Lodge,* 22 Or. 271, [29 Pac. 610, 29 Am. St. Rep. 603]; *Masonic Ben. Assn.* v. *Serverson,* 71 Conn. 719, [43 Atl. 192].) The amended by-law in question was certainly a reasonable one, and after it went into force Baker had no right to name a beneficiary belonging to any other than one of the classes therein designated. Upon the other hand, he did declare that plaintiff came within the class of dependent persons, and the order was justified in issuing the certificate upon this declaration. It was a statement upon the truth of which the validity of the contract depended. It amounted to a warranty. (*Hoggins* v. *Supreme Council,* 76 Cal. 112, [18 Pac. 125, 9 Am. St. Rep. 173].)

But as it appears from what already has been said that plaintiff did not belong to the designated class, and that she was not, within the meaning of the word as employed in the by-law, a dependent person, the judgment appealed from must be reversed, and it is ordered accordingly.

McFarland, J., and Lorigan, J., concurred.