# CORA KELLY v. ANCIENT ORDER OF HIBERNIANS LIFE INSURANCE FUND OF MINNESOTA.[1]

February 3, 1911.

Nos. 16,867—(230).

**Mutual benefit association — proof of death — limitation of action.**

> The constitution and by-laws of respondent, a mutual benefit association, provides that the division secretary shall forthwith notify the secretary when a member is removed by death, and that the secretary shall forward to the division secretary blanks for making proofs of death; the amount of the policy being payable sixty days after the proofs are furnished, and there

[1] Reported in 129 N. W. 846.

---

[Note] Time of death of one presumed to be dead after seven years' absence, unheard of, see note in 26 L.R.A.(N.S.) 294.

being no express provision that the beneficiary shall give notice of death or make proof thereof. John Kelly was a member in good standing, and disappeared from his home while suffering from a fatal disease, leaving his wife, the beneficiary, and four young children in destitute circumstances. The dues were paid and the policy kept in force for the period of six years after his disappearance. All of these facts were known to the division secretary.

In an action to recover the amount of the policy, commenced more than seven years after it lapsed for nonpayment of dues, *held*:

1. The policy did not become void for nonpayment of dues, since the evidence was sufficient to warrant the jury in finding that the member came to his death prior to the time payment was stopped.

2. It is to be implied from the contract that it is the duty of the beneficiary to notify the division secretary of the death of the member; but, when the facts are known to that officer without such notice, it is his duty to proceed at once and make up the proofs of death.

3. For the purpose of securing blanks and making and submitting proofs of death, the division secretary is the agent and representative of the association; and his failure to perform that duty will not release the association from its obligation to make payment of the claim, if the member died while the policy was in force.

4. While the beneficiary might have commenced an action on the policy within a reasonable time after making demand on the local secretary, her cause of action was not barred by the statute of limitations because of her failure to make demand, to furnish proofs of death, or to commence the action within six years from the time it might have been commenced.

5. The association cannot be heard to take advantage of its own negligence in failing to make up the proofs of death, or, if it repudiated the claim, in failing to notify her to that effect.

Action by the administratrix of the estate of John Kelly, deceased, in the district court for Hennepin county to recover $1,000 upon his life insurance policy. The substance of the answer is stated in the opinion, where the facts are stated. The case was tried before Simpson, J., who granted defendant's motion to dismiss the action on the ground it was barred by the statute of limitations. From an order denying plaintiff's motion for a new trial, she appealed. Reversed.

*John J. McHale,* for appellant.
*O. H. O'Neill,* for respondent.

Lewis, J.

John Kelly became a member of respondent association in 1886, and a certificate of insurance of $1,000, payable to his wife, Annie Kelly, was issued. Mr. Kelly disappeared from his home in Minneapolis August 1, 1894, leaving his wife and four children. The dues upon the certificate were paid by friends until December, 1900. This action was commenced January 12, 1909, to recover the amount of the certificate. The answer alleged that Kelly was suspended as a member for failure to pay his dues after December 31, 1900, and that his membership terminated January 1, 1901; that on August 1, 1908, Mrs. Kelly demanded that the division secretary notify the secretary of the death of Mr. Kelly, and that she furnished the secretary with certain affidavits which she claimed to be proofs of death, and demanded payment of the amount due; that the division secretary refused to take any action, and turned the proofs of death over to the secretary, and decided that the claim was invalid; that Mrs. Kelly thereupon took an appeal, with the result that the claim was disallowed by the board of directors. For a separate defense, the answer pleaded that the cause of action did not accrue within six years before its commencement. The trial court directed a verdict in favor of defendant, upon the ground that the action was barred by the statute of limitations.

The constitution and by-laws of the association provide that the amount due, not exceeding the sum of $1,000, will be paid within sixty days after due and satisfactory proof of the assured's death while a member in good standing. Section 43 of the by-laws provides that, when a member is removed by death, the division secretary shall forthwith notify the secretary; and section 44 provides that upon receipt of such notice the secretary shall forward for execution to the division secretary forms known as "death proofs."

Mr. Kelly's departure, and the circumstances connected with it, were matters of common knowledge in the community and in the local lodge. Every item of importance within the knowledge of the beneficiary had been communicated to the division secretary. The condition of his health, the circumstances of his family, and the payment of the dues for six years by a friend, were known to him. He

knew that the payment of dues was stopped because it was assumed that Mr. Kelly was dead. After Mr. Kelly's disappearance, the local lodge joined with the family in advertising for and in the endeavor to locate him. The constitution and by-laws made it his duty to make demand on the secretary for blank forms of proof of death; whereas the beneficiary was not required to furnish proofs, nor was there any express requirement that she make demand for proof of death.

The case of Behlmer v. Grand Lodge A. O. U. W., 109 Minn. 305, 123 N. W. 1071, 26 L.R.A.(N.S.) 305, throws very little light upon the question now before the court. In that case it was held that the beneficiary was entitled to permit the entire seven years to elapse in order to have the benefit of the presumption of death, and failure to pay the dues during that period did not prevent recovery, if it was proved that he died before the policy lapsed for nonpayment. The facts connected with Behlmer's disappearance were such as to warrant the jury in finding that he came to his death before the policy lapsed. So here the circumstances surrounding the disappearance of Mr. Kelly would have warranted the jury in finding that he had died before the policy lapsed. But in the Behlmer case the contract of insurance provided that the beneficiary furnish the proofs of death. Here there is no such provision; but, of course, the division secretary could not proceed until he knew it.

He is not required to ascertain when members die. His duty begins when he is informed of the fact of death. Consequently it is implied, though not expressed, that those immediately interested in the collection of the policy shall see that he is notified. But when the division secretary has knowledge of a death it would serve no useful purpose to give him additional notice. It is the fact of notice, and not the manner in which it is communicated, which makes it the duty of that officer to act. The division secretary is made the agent of the organization for the purpose of performing this particular thing. He is not possessed of the power, under the constitution and by-laws, to protect the organization from liability by failure to perform his duty, and the organization cannot take

advantage of his omissions or neglect, when committed within the line of his duty.

On the first of August, 1901, if not before, the beneficiary might have made demand upon the secretary for proofs of death, and for payment, and upon refusal this action could have been commenced. She did nothing for seven years, and nothing was done by the division secretary for the same length of time. Did the statute of limitations commence to run simply because the beneficiary did not call upon the division secretary to perform a duty which he was required to perform without any demand being made? The learned trial court was of the opinion that the organization was entitled to notice from some one, and that the contract of insurance contemplated that steps toward the recovery should be taken immediately upon death, and that, if the secretary did not perform his duty, then it became the duty of the beneficiary to see that he did so within a reasonable time, that no action was taken within a reasonable time, and that the action was barred by the statute.

Very few cases have been before the courts which involved constitutions and by-laws similar to those under consideration. Very generally it is expressly made the duty of the beneficiary to take the initiative and give notice of death and furnish proofs. In Anderson v. Supreme Council, 135 N. Y. 107, 31 N. E. 1092, no duty was imposed upon the beneficiary to furnish proofs of death, and it was held that all she was required to do was to notify the officers of her husband's death. But the question now before the court was not involved. In Murphy v. Independent Order, 77 Miss. 830, 27 South. 624, 50 L.R.A. 111, it was expressly held that the subordinate lodge was the agent of the grand lodge with respect to the proofs of death, and that the beneficiary, who was not in default, could not be deprived of his right to recover by a wilful failure of the officers of the subordinate lodge to perform their duty. In Supreme Tent v. Ethridge, 43 Ind. App. 475, 87 N. E. 1049, where similar by-laws and constitution were under consideration, the court remarked (page 480): "It may well be inferred from the evidence that the local tent was as well informed of all the material facts concerning the death of the assured as was the appellee, and had such knowledge

of the facts on which the jury decided that the assured was dead that it was incumbent upon the appellant's agent in the premises, the local tent, to give the notice to the supreme tent, and to procure from it the blank form of proofs of the death. The failure of the appellant to perform its duty under its by-laws in this respect could not deprive the beneficiary of her right to payment under the certificate."

The argument is persuasive that the time for commencing suit should not be indefinitely postponed; but it seems that the by-laws and constitution were drawn to favor payment when the policy is kept in good standing by the payment of the dues. True, Mrs. Kelly might have taken some course which would have started the statute running against her. She might have demanded that the proofs be taken. The officers might have notified her that the order did not consider the claim valid, and upon receiving notice to that effect she would have been required to act within a reasonable time in order to prevent the running of the statute. However, no such notice was served, and she had a right to assume that the officers would perform their duty, prove up the claim, and pay over the money. The association ought not to complain of this construction of the contract. The order was created for a benevolent purpose—to provide for those dependent upon its members. Construed from this point of view, the contract takes notice of the ignorance of those likely to be selected as beneficiaries. Instead of requiring them to be on the alert and to take the initiative, the burden is imposed on the local secretary, when he has knowledge of the decease of a member, to prove up the case and secure the money. The association ought not to be permitted to take advantage of its own neglect and refuse payment on the ground that the beneficiary did not sooner compel payment.

For these reasons the cause of action was not barred, and the case should have been submitted to the jury to determine the facts.

Reversed.

JAGGARD, J., being absent, and SIMPSON, J., took no part.