[Civ. No. 2090. First Appellate District.—November 19, 1917.]

ANTONE MANUEL MACHADO, Appellant, v. W. H. ELLISON, Respondent.

FRATERNAL INSURANCE ACT — CHANGE OF BENEFICIARY — CONSTITUTIONAL LAW.—The Fraternal Act of 1911, limiting the class of persons who may be named as beneficiaries under insurance policies issued by fraternal benefit societies, does not violate the sections of the state and federal constitutions providing that the legislature shall pass no laws impairing the obligations of a contract, in restricting the right of a member of such society, whose policy was issued prior to the time the statute went into effect, to change his beneficiary after such time contrary to and in contravention of the terms of the statute.

APPEAL from a judgment of the Superior Court of Alameda County. William M. Finch, Judge, Presiding.

The facts are stated in the opinion of the court.

Louis Gonsalves, and J. E. Pemberton, for Appellant.

T. P. Wittschen, for Respondent.

KERRIGAN, J.—This action was originally brought by the sole heir at law of one Theodore Silveira to recover from the Conselho Supremo da Unuias Portugeza do Estado da

California, a fraternal and benefit society, the amount due under a certificate of insurance issued by it. The society admitted liability, but being in doubt as to the person to whom the fund belonged, respondent and his codefendants were interpleaded, and on payment into court by the society of the sum of one thousand two hundred dollars, the net amount due on said policy, it was discharged from liability as to all parties to the action.

The conflicting claims to the fund arose in the following manner: In November, 1894, Theodore Silveira became a member of the above-named society, and designated as his beneficiary one J. S. Neto. At that time there was no restriction upon the rights of a member to make such designation, there being no limitation, statutory or otherwise, as to the class of persons who could become beneficiaries under the policies issued by the society. In 1911 the legislature passed an act for the regulation and control of fraternal benefit societies which, among other things, limited the class of persons who might be named as beneficiaries under a policy of insurance issued by them. Subsequent to the passage of this act, and on the seventeenth day of July, 1912, the beneficiary named in the policy died, and Silveira thereafter designated Jose R. Neto, a son of the original beneficiary, and the assignor of the respondent herein, as the beneficiary in said policy. In May, 1914, Silveira, the insured, died, and this action was brought by plaintiff as the sole heir at law of Silveira, claiming title as such to the proceeds of the policy.

Judgment was rendered in favor of the assignee of the beneficiary named, and from this judgment plaintiff appeals.

The main question presented by the appeal is the effect of the Fraternal Act of 1911 (Stats. 1911, p. 1320) upon the rights of a member of a benefit society, whose policy was issued prior to the time the statute went into effect, to change his beneficiary after such time, contrary to and in contravention of the terms of the statute.

The contention of appellant is that as the act limits the class of persons who can legally be designated, and the selected beneficiary having been nominated after the act became operative and admittedly one not within such class, that there was no legal designation by the insured, and the proceeds of the policy should be paid to plaintiff as the next of kin and only heir at law of the insured.

As opposed to this contention respondent argues in support of the judgment that as there is no language in the act showing that it was intended to have a retroactive effect or operation, it should be construed prospectively so as not to restrict the vested right of unlimited selection possessed and enjoyed by members who had contracted with the society prior to its passage; that such right of unrestricted selection in the beneficiary that might be made in the future was one of the considerations entering into the contract; that it was a material and vested one, valid at its inception, and one that could not be destroyed or taken away by the legislature, and any attempt so to do makes it violative of those sections both of the state and federal constitutions, providing that the legislature or Congress shall pass no laws impairing the obligations of a contract.

We do not think that the application of the statute to the contract of the insured has the effect claimed for it by the respondent. The principle involved is not an entirely new one in this state. In the case of *Caldwell* v. *Grand Lodge,* 148 Cal. 195, [113 Am. St. Rep. 219, 7 Ann. Cas. 356, 2 L. R. A. (N. S.) 653, 82 Pac. 781], it was held that where an insured, on joining a beneficial society, agrees specifically to abide by and conform to the by-laws in force at the time, and also to those that might be subsequently enacted, upon the adoption of a by-law limiting his selection to a beneficiary of a designated class he was bound by the change, and had no right to name one other than in the class designated. See, also, *Wist* v. *Grand Lodge,* 22 Or. 271, [29 Am. St. Rep. 603, 29 Pac. 610]. Here the insured agreed at the time he joined the society to so conform to its laws. True, the society did not by an express by-law at any time impose any limitation or restriction upon the insured in the selection of his beneficiary. It is not contended, however, by respondent, nor could it be, that if the society had adopted a by-law in conformity with the statute the rule laid down in the Caldwell case would not apply. The only distinction, therefore, between the case last cited and the instant one is that here the insured was restricted by the terms of a statute, whereas in the Caldwell case he was limited by the adoption of a by-law.

Upon principle we see no difference between the two cases. If an insured is bound in the manner indicated in the Caldwell case by reason of his express agreement, he is at least

equally bound by a statutory enactment he is required to obey. The by-laws of a fraternal organization must conform to the constitution and statutes of the state, and when the statute changes the by-laws must change with them. The statutes of course must be reasonable and within the law; but the statute here involved is beyond all question one of that nature, and its character is so declared to be in the Caldwell case. The contract entered into by the insured was made up of his benefit certificate, the by-laws of the society, and the laws of the state. The statute became an integral part of the charter of the society, and was at least as binding upon the insured and other members when they attempted to change their beneficiaries after its passage as any by-laws that could have been adopted by the order. The fact that there was no limiting statute in existence at the time the insured joined the order can make no difference. The statute does not attempt to disturb members in their original selections: it only affects the issuing of certificates after its passage, and all designations so made must conform to it.

The conclusion we have reached finds support in authority of other jurisdictions. In *Grand Lodge A. O. U. W.* v. *Mc-Kinstry,* 67 Mo. App. 82, under similar facts it was held that all changes in selection of beneficiaries must conform to a new law, as such change must be considered as an amendment to the charter of every such corporation, and that the right to take must be governed by it. To the same effect is *Bush* v. *Modern Woodmen* (Iowa), 152 N. W. 31, where it was contended, as here, that the law in force at the time the insured became a member, and at the time his first certificate was issued, governed the case, and that the right to freely name and change a beneficiary was a vested right of which he could not be deprived by the legislature; and it was there held, citing the Caldwell case, that the insured had no such vested right under his original contract which could not be affected by limitations imposed by a statute subsequently enacted requiring designations made thereafter to conform to its terms. And it is there further held that such a statute is not retroactive in its operation, but rather relates to and controls the action of the insured at the time of its exercise. We are aware that cases may be found holding a contrary doctrine, but they are not in harmony with the reasoning in the Caldwell case.

We conclude, therefore, that the act in question applies to all designations made after it went into effect; and that the beneficiary here named by the insured not being one of the class named in the act, his selection was in contravention thereof, and therefore void; and that appellant, being the only heir at law of the insured, is entitled to the amount due under the policy.

In view of the conclusion we have reached it becomes unnecessary to discuss other questions relied on for a reversal of the judgment.

The judgment is reversed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 17, 1918.