[Civ. No. 3789. First Appellate District, Division One.—May 10, 1921.]

## AGNES BENNETT, Respondent, v. MODERN WOODMEN OF AMERICA (a Corporation), Appellant.

[1] FRATERNAL INSURANCE—VOID BY-LAW—TIME FOR PROOF OF DEATH BASED ON DISAPPEARANCE.—A by-law of a fraternal benefit society providing that proof of death of a member based on disappearance cannot be made until the full term of the member's expectancy of life according to the National Fraternal Congress Table of Mortality has expired is not only unreasonable and violative of subdivision 26 of section 1963 of the Code of Civil Procedure,

---

1.  Validity and effect of by-laws of mutual benefit society refusing to pay benefit upon presumption of death from seven years' absence, notes, 17 A. L. R. 418; L. R. A. 1915B, 793; L. R. A. 1917C, 1032.

which declares that a person not heard from in seven years is presumed to be dead, but is against the weight of public policy.

[2] ID.—TIME FOR RECOVERY ON CERTIFICATE—ESTOPPEL.—A provision in a benefit certificate that no action can or shall be maintained thereon until after the proofs of death and claimant's right to benefits as provided for in the by-laws have been filed with the head clerk of the society and passed upon by the board of directors, nor unless brought within eighteen months from the date of the death of the member, cannot be invoked to defeat recovery on a certificate based on the disappearance of the member, where the society had prompt notice of the disappearance and for ten years thereafter continued to demand and to take from the beneficiary dues and assessments required by the by-laws to keep the certificate in force and the member in good standing.

[3] ID.—LEGAL BENEFICIARIES—STATE LAW.—A beneficiary named in a fraternal benefit insurance certificate is not entitled to claim under the certificate where she is not a blood relative, legal heir, dependent, or a member of the family of the member, but only a niece by marriage, where the laws of the state under which the society was incorporated provide that payment of death benefits by fraternal benefit societies shall only be made to the families, heirs, and blood relatives, or persons dependent upon the members.

[4] ID.—LAW NOT SUBJECT OF WAIVER.—Requirements of a state law as to the relationship of persons designated in fraternal insurance society certificates to the members cannot be waived by the society, and are not waived by the acceptance of dues and assessments from beneficiaries not within the designation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Reversed.

The facts are stated in the opinion of the court.

Geo. M. Thomas and Truman Plantz for Appellant.

Charles S. Wheeler and Charles S. Wheeler, Jr., for Respondent.

WASTE, P. J.—The plaintiff had judgment for the amount of a benefit certificate issued by the defendant upon the life of Frank S. Plummer, and the defendant appeals.

The defendant is a fraternal benefit society organized under the laws of the state of Illinois. It has its principal place of business in that state, with subordinate lodges in various parts of the United States, one of which, known as

"San Jose Camp No. 7777 of Modern Woodmen of America," is located in the city of San Jose, in this state. On the seventeenth day of March, 1900, the defendant issued to Frank S. Plummer, then a member in good standing in the San Jose camp, its benefit certificate for the sum of two thousand dollars, payable upon the death of the insured to Annie Plummer, his wife. Annie Plummer died in August, 1905. Plummer thereupon requested of the defendant, and it did, on November 8, 1905, issue to him a new benefit certificate for a like amount as the first, and in lieu thereof, in which Agnes Bennett, this plaintiff was named as beneficiary. Although designated by Plummer and described in the certificate as his "niece," Agnes Bennett was not a blood relative of his, but only a niece by marriage. Plummer regularly paid his dues and assessments to San Jose camp until the month of February, 1906, when he disappeared. He has not been seen nor heard from since, although the plaintiff, the defendant, and members of San Jose camp have made diligent efforts to locate him. Following his disappearance the plaintiff paid and the defendant accepted all dues and assessments which became payable by reason of the benefit certificate, until December 31, 1916. She then prepared and submitted to the defendant proof of the disappearance of Plummer more than ten years previously, and demanded payment of the two thousand dollars specified in the benefit certificate, upon the theory that Plummer, not having been heard from for more than seven years, was presumed to be dead. The defendant refused payment, whereon the plaintiff instituted this action, and obtained judgment, from which the defendant has appealed.

Several important questions arise on this appeal. Plummer applied for and received his first policy in the defendant society in 1900. The present policy was issued in 1905. Plummer disappeared in 1906. In 1908 the defendant enacted a by-law numbered 66, which provides that proof of death of a member, based on disappearance, cannot be made until the full term of the member's expectancy of life, according to the National Fraternal Congress Table of Mortality, has expired, and that this by-law shall be binding and effective, the statute of any state or rule of common law to the contrary notwithstanding. Until

such period has elapsed all payments required by the by-laws of the society must be regularly made; otherwise the insurance will lapse. The defendant interposed, as one of its separate defenses to the action, that the full term of expectancy of the life of Frank S. Plummer had not expired when this action was brought. On motion of the plaintiff the court struck the allegation from the answer. Appellant complains of this ruling of the court, but its contention is without merit.

The defendant's position, in brief, is that death, which alone matures the policy, cannot be shown in this case, and that the right of the beneficiary to recover is postponed many years, until the termination of Plummer's expectancy of life, because of amendment No. 66 of the by-laws, and that recovery must be had at such deferred time only upon due proof of the fact of continued absence of the insured during the period, and of the payment by the beneficiary of all dues and assessments necessary to keep the certificate alive until the expiration of that period of expectancy.

[1] In his application for a membership in the defendant society, Plummer agreed to be bound by its by-laws then in force, and to be thereafter enacted. His compliance with such by-laws was, therefore, by his expressed agreement, made a condition on which he was entitled to participate in the beneficiary fund of the order. Where the contract between a member and the order is as here disclosed, it is never to be disputed that all subsequent rules, regulations, and by-laws not in themselves unreasonable, against expressed law or public policy, enter into and govern all of his rights and relationship with the association. (*Caldwell* v. *Grand Lodge*, 148 Cal. 195, 199, [113 Am. St. Rep. 219, 7 Ann. Cas. 356, 2 L. R. A. (N. S.) 653, 82 Pac. 781].) But, it is a rule of common law and of the statutory enactment of this state that a person not heard from in seven years is presumed to be dead (Civ. Code Proc. 1963, subd. 26), and appellant's by-law is not only unreasonable and violative of statutory enactment, but is against the weight of public policy. It has been repeatedly so held. (*Reynolds* v. *North American Union*, 204 Ill. App. 316, 327; *Samberg* v. *Knights of Modern Maccabees*, 158 Mich. 568, [133 Am. St. Rep. 396, 123 N. W. 25]; *National*

*Union* v. *Sawyer*, 42 App. D. C. 475; *Supreme Lodge Knights of Pythias* v. *Wilson* (Tex. Civ.), 204 S. W. 891, 894.) Its enforcement would not only have the effect to render nugatory a salutary statute, but the further result of making it practically impossible to make proofs of death in cases within the recognized experience of man, and thereby work a substantial injustice to the beneficiary. (*Sovereign Camp W. O. W.* v. *Robinson* (Tex. Civ.), 187 S. W. 215, 219; *Reynolds* v. *North American Union, supra.*) In *Olson* v. *Modern Woodmen of America,* 182 Iowa, 1018, [L. R. A. 1918F, 1164, 164 N. W. 346], this same appellant invoked the defense of this same by-law. The court refused to countenance the plea, holding that its application would impose on a beneficiary the burden of paying all dues and assessments during the whole period of the expectancy of the assured, thereby making the certificate practically worthless.

As a further and separate defense the appellant alleged that respondent's cause of action was barred by an express limitation in the contract of the time within which the action could be maintained, and by the statute of limitation. The benefit certificate provides that no action can or shall be maintained thereon until after the proofs of death and claimant's right to benefits, as provided for in the by-laws of the society, have been filed with the head clerk, and passed upon by the board of directors, nor unless brought within eighteen months from the date of the death of the member. The court found that Plummer died some time in the month of February, 1913, that being seven years after the date of his disappearance. This action was commenced on June 10, 1917. Appellant contends, therefore, that the suit was not only barred by the limitation of the contract, but also by the four year limitation of section 337, subdivision 1, of the Code of Civil Procedure.

[2] It is undoubtedly the general rule that a condition in a policy of insurance, providing that no recovery shall be had thereon unless suit be brought within a given time, is valid if the time limited is, in itself, not unreasonable; but to permit the defendant under the peculiar facts of this case, to successfully interpose the defense of either the provision in the certificate, or of the statute, would be to extend the rule of limitation too far. The appellant,

through its local camp officers, its general attorney associated with its head camp, and presumably others, had prompt notice of the disappearance of the assured, and engaged to endeavor to locate him. Just what it did in that regard does not appear. Although fully apprised of the fact that Plummer disappeared in February, 1906, the appellant for ten years continued to demand and to take from the respondent dues and assessments required by its by-laws to keep the benefit certificate in force, and the assured in ostensible good standing. Even after it knew, or should have known, that Plummer was presumed to be dead in 1913, and the beneficiary entitled to offer presumptive proof of his death, it continued for three years more to exact these payments. It did not furnish the respondent the necessary blanks required by it for proofs of death, although it was one of its rules that such proofs would not be considered unless made on the forms furnished by it. The respondent had given the appellant such information as she had concerning Plummer and his disappearance, and knew that the appellant had engaged to locate him. She complied with all the demands of the society, relying, as she testified, upon the belief that the appellant would initiate the proper steps for the payment to her of the benefits provided under the certificate of insurance at such time as the amount was properly payable. When she finally sought independent legal advice and presented proofs of the disappearance of the assured, sufficient to invoke the presumption of death, arising under the rule of the statute, more than eighteen months had elapsed after the presumption of death had been raised. Respondent then acted with all convenient dispatch, but before appellant's board of directors passed upon the proofs of Plummer's disappearance, and considered, and rejected her claim for benefits under the certificate, more than four years from the presumptive date of death had elapsed. Yet, until that action was taken by appellant, plaintiff was prohibited by the by-laws from maintaining this action. Although required by the by-laws to bring her action within eighteen months after death of the insured, respondent was forbidden to do so until her proofs of death and claims were acted upon by the board of directors of the appellant. To give literal effect to this by-law would be to suspend

the remedy of respondent until some action was taken by the appellant and provide for the running of the statute at the same time. While in some cases this appears to have been done, the compelling facts of this particular case warrant our adherence to the rule announced in *Case* v. *Sun Ins. Co.*, 83 Cal. 473, 476, [8 L. R. A. 48, 23 Pac. 534], and in holding that plaintiff's action is removed from the application of the general rule of limitation. "To hold otherwise would enable the insurer to collect assessments indefinitely, 'in disregard of the forfeiture, so long as it suited its interest to do so, and to assert a secret inten- tion to insist upon the forfeiture whenever such course better accorded with its advantage." (*Modern Woodmen of America* v. *Lane*, 62 Neb. 89, 97, [86 N. W. 943, 945].) The precise question was considered in *Kelly* v. *Ancient Order of Hibernians Ins. Fund of Minnesota*, 113 Minn. 355, [129 N. W. 846], on identical facts. The court denied the intervention of both contract and statutory limitation, saying: "The association ought not to be permitted to take advantage of its own neglect and refuse payment on the ground that the beneficiary did not sooner compel pay- ment."

One other contention of the appellant remains to be con- sidered. It is that the respondent is not one of the persons whom the insured might legally designate as a beneficiary under the benefit certificate.

[3] The Modern Woodmen of America filed its articles of association in Illinois, in 1884. Neither the statute of that state, passed in 1883, under which it was incorporated, nor its own charter placed a restriction upon the class of persons whom its members might designate as beneficiaries. In 1893, however, the Illinois legislature passed a new act, regulating fraternal benefit societies, which has continued and is still in existence, and which provides that payment of death benefits by such societies "shall only be made to the families, heirs and blood relatives; affianced husband, or affianced wife of, or to persons dependent upon the members." By the terms of this act, also, all fraternal so- cieties then doing business in Illinois were declared to be duly organized, and were authorized to continue doing such business, provided they made application for official permission, and otherwise complied with the provisions of

the act. The appellant immediately made application for and was given authority "to carry on the business of fraternal beneficiary society insurance under the provisions of the said act of 1893, and amendments thereto." In the application to the state of Illinois for this permission, the Modern Woodmen of America represented that the death benefits of the society were paid only to the families, heirs, blood relatives, affianced husband or affianced wife of or to persons dependent upon the members, the statement being couched in the exact language of the statute. Subsequently appellant amended its by-laws to conform to the statute of 1893, regarding beneficiaries, and when Plummer substituted this plaintiff as beneficiary in place of his deceased wife in 1905, it was and is provided that its benefit certificates shall be made payable only to the wife, surviving children, or some other person or persons specifically named as beneficiary, "who are related to the member as heir, blood relative, or person dependent upon him, or member of his family," and that no payment shall be made to any other person. Notwithstanding this inhibition, Plummer directed that the new benefit certificate be, and it was, issued to "Agnes Bennett [this respondent] related to said member [Plummer] in the relationship of Niece," but the trial court found as a fact, and it is conceded that the respondent is not a blood relative, legal heir, dependent, or a member of the family of the decedent. Clearly, then, for two reasons she is not entitled to claim as a beneficiary under the benefit certificate. The statute of Illinois and appellant's by-laws prevent it.

"The statute of Illinois is the organic law of the society. It is under this law that it lives, moves, and has its being. From this law it gets its right to do business, and by this law it is regulated and controlled." (*Bush* v. *Modern Woodmen of America*, 182 Iowa, 515, 541, [152 N. W. 31, 162 N. W. 59, 60], on rehearing.) Under the provisions of the Illinois statute of 1893 to the effect that all fraternal benefit societies should be governed by it, and the application of appellant to do business in pursuance of its requirements, the Modern Woodmen of America has been governed and controlled by the terms of that law since its enactment. (*Bastian* v. *Modern Woodmen of America*, 166 Ill. 595, 607, [46 N. E. 1090].) The statute

became an integral part of the charter of the society, as binding upon its members after its passage as any by-law that could have been adopted by the order. (*Machado* v. *Ellison*, 35 Cal. App. 337, 340, [169 Pac. 917].) It must be considered as part of the contract of insurance, and inserted for the purpose of a construction of the policy, as an additional provision, as if it were literally incorporated therein. (*Nielsen* v. *Provident Savings etc. Co.*, 139 Cal. 332, 337, [96 Am. St. Rep. 146, 73 Pac. 168].)

It has been repeatedly held that a by-law such as the appellant has adopted is reasonable and that after its adoption a member of the society has no right to make a beneficiary belonging to any other than one of the classes therein designated. (*Caldwell* v. *Grand Lodge United Workmen of Calif.*, 148 Cal. 195, 199, [113 Am. St. Rep. 219, 7 Ann. Cas. 356, 2 L. R. A. (N. S.) 653, 82 Pac. 781]; *Bush* v. *Modern Woodmen of America, supra; Baldwin* v. *Begley*, 185 Ill. 180, [56 N. E. 1065]; *Steele* v. *Fraternal Tribunes*, 215 Ill. 190, [106 Am. St. Rep. 160, 74 N. E. 121].)

[4]  If it be contended that by inserting the name of the respondent in the certificate, as it did, with benefits payable to her, and in collecting dues and assessments from the member thereafter, the appellant waived the requirement of its own by-law and the provisions of the statute; so far as the statute is concerned it cannot be done. "There are many things that can be waived by an association of this character, but this is not one of them. The statute expressly and positively prohibits the payment of the benefit fund to any person who is not within the class designated as beneficiaries." (*Modern Woodmen of America* v. *Comeaux*, 79 Kan. 493, 499, [17 Ann. Cas. 865, 25 L. R. A. (N. S.) 814, 101 Pac. 1, 3]; *Bush* v. *Modern Woodmen of America, supra; Steele* v. *Fraternal Tribunes, supra.*)

The judgment is reversed.

Kerrigan, J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 8, 1921, and a petition to have the cause heard in the supreme court,

after judgment in the district court of appeal, was denied by the supreme court on July 7, 1921.

Angellotti, C. J., Shaw, J., Sloane, J., and Shurtleff, J., concurred.

Lawlor, J., and Lennon, J., voted for granting of petition.

Wilbur, J., was absent.